UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                                    Case Number 07-20222

v.                                              Honorable David M. Lawson

RODOLFO MORENO,

        Defendant.

_____ /

## **OPINION AND ORDER DENYING MOTION TO REDUCE SENTENCE**

The First Step Act of 2018 increased the quantity of crack cocaine that triggers certain mandatory minimum sentences for federal drug offenses. Defendant Rodolfo Moreno pleaded guilty to one of those crimes — conspiracy to distribute more than 50 grams of crack cocaine and marijuana — and was sentenced in 2008 to a 144-month prison term, which exceeded the ten-year mandatory minimum sentence by 24 months. The Court reduced his sentence to 120 months after granting his earlier motion for relief under the Fair Sentencing Act of 2010. Although more than 10 years have gone by since then, Moreno remains in prison because he was sentenced in 2016 by Judge Victoria Roberts to 151 months for another drug crime, which he committed while completing his sentence in this case at a halfway house. Moreno now seeks relief under the First Step Act, which reduced the penalty for the quantity of crack cocaine that he sold.

To prevail, Moreno must overcome at least three challenges. First, he must avoid the First Step Act's language disqualifying from relief a defendant whose sentence was modified already under the Fair Sentencing Act. Second, he must explain how a court can reduce a prison sentence that already has been served and discharged. And third, he must furnish some authority for a court to modify a separate custodial sentence that was imposed in a different case. And if he runs that gauntlet, he also must offer some convincing reasons for the Court to reduce his still-legal sentence

when he returned to the same criminal ways even before he completed his sentence at a residential reentry center. The last obstacle has proven insurmountable. Moreno's motion will be denied.

I.

On May 4, 2007, Moreno and eight other defendants were charged in several counts of a wide ranging sixteen-count indictment on drug conspiracy, possession, and distribution charges. He eventually pleaded guilty under a plea agreement to a single count of conspiracy to distribute more than 50 grams of crack cocaine and marijuana. On February 7, 2008, he was sentenced to 144 months in prison. On August 21, 2012, Moreno filed a motion for a sentence reduction, arguing that the reduction was justified by changes in the applicable guidelines for crack cocaine offenses enacted by the Fair Sentencing Act of 2010, which were given retroactive effect by Amendments 750 and 759 of the United States Sentencing Guidelines (effective in November 2011). The Court granted that motion on January 18, 2013, and on February 19, 2013, the Court imposed a reduced prison term of 120 months. The Court later denied a motion to "correct" the sentence based on a purported erroneous denial by the Bureau of Prisons (BOP) of credit for time served in state custody.

In 2015, the defendant was transferred from prison to a residential re-entry center, and later remanded to home confinement, to complete the remainder of his sentence. However, on August 28, 2015, while he still was under the original sentence, he was arrested on new charges of conspiracy to distribute heroin. That new 2015 case was assigned to Judge Roberts, and the defendant eventually pleaded guilty to two counts of conspiring and possessing with intent to distribute more than 100 grams of heroin. On July 20, 2016, Judge Roberts imposed concurrent sentences of 151 months in prison on those new convictions.

Moreno's present motion does not address the sentence imposed by Judge Roberts, which he is serving currently. But he reasons that if the sentence in this case is reduced, he will benefit from the time served already, which would be applied to the sentence in the later case.

II.

The Fair Sentencing Act modified the statutory range for crack cocaine convictions by increasing the drug quantities necessary to trigger certain penalties. Fair Sentencing Act of 2010, § 2(a), Pub. L. No. 111-220, 124 Stat. 2372, 2372. Relevant here, section 2(a) of the Act increased from 50 grams to 280 grams the amount of crack cocaine required to impose a 120-month statutory minimum sentence and a life-maximum sentence. That would have made a difference for Moreno, who was accountable for distributing around 67 grams of crack. That drug quantity would have subjected him to a 5-to-40-year sentence. *See* 21 U.S.C. § 841(b)(1)(B)(iii) (2010). But that Act was not retroactive and did not benefit Moreno, who was sentenced in 2008. *See United States v. Beamus*, 943 F.3d 789, 791 (6th Cir. 2019).

The First Step Act, signed into law in 2018, closed that circle by authorizing a court that sentenced a defendant for an offense for which "the statutory penalties . . . were modified" by the Fair Sentencing Act to "impose a reduced sentence as if" the Fair Sentencing Act were "in effect at the time the covered offense was committed." First Step Act of 2018, § 404(a), (b), Pub. L. No. 115-391, 132 Stat. 5194, 5222. "It thus allows courts to apply § 2(a) of the Fair Sentencing Act retroactively." *Beamus*, 943 F.3d at 791. However, defendants are not eligible for relief under the First Step Act "if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010," First Step Act of 2018, PL 115-391, 132 Stat 5194, 5222, or if "they lost a prior motion under the First Step Act

'after a complete review of the motion on the merits.'" *United States v. Woods*, 949 F.3d 934, 936 (6th Cir. 2020) (quoting First Step Act § 404(c), 132 Stat. at 5222).

In 2012, Moreno filed a motion to reduce his 144-month sentence, arguing that the sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," quoting 18 U.S.C. § 3582(c)(2). The lower guideline range Moreno referenced was promulgated by the Sentencing Commission as Congress directed in the Fair Sentencing Act. *See* Fair Sentencing Act of 2010, § 8(a), Pub. L. No. 111-220, 124 Stat. 2372, 2374. Arguably, when the Court granted that motion and reduced the sentence to 120 months, Moreno received relief "in accordance with" the Fair Sentencing Act and now is ineligible for additional consideration. However, the Sixth Circuit does not appear to see it that way. *See Woods*, 949 F.3d at 936 n.1. Moreover, the guideline modification was instigated by section 8 of the Fair Sentencing Act, not section 2 or 3. The previous sentence reduction was authorized by 18 U.S.C. § 3582(c)(2), because Moreno's guideline range was reduced retroactively. The present request comes under 18 U.S.C.A. § 3582(c)(1)(B), which authorizes a sentencing reduction "expressly permitted by statute."

The government argues that Moreno is ineligible for a sentence reduction because he has already served all of the custody portion of his sentence. It is true that "[o]nce a defendant has served his custodial sentence and been released, no meaningful relief can be granted with respect to the custodial portion of the sentence." *United States v. Waltanen*, 356 F. App'x 848, 850 (6th Cir. 2009) (citing *United States v. Lewis,* 166 F. App'x 193, 194 (6th Cir. 2006)). Even by Moreno's own calculations, he cannot deny that he has served at lease 120 months, which would exhaust the custody part of his sentence from this Court. *See* Def.'s Brief at 3 n.1, ECF No. 306,

PageID,1248 (calculating Moreno's release date at October 28, 2018 after accounting for lost good time credits due to his subsequent criminal conduct).

Moreno counters that he is still in custody under this Court's sentence, however, because the BOP aggregated this sentence with the one imposed by Judge Roberts, so that his total custody term in effect is 271 months. He reasons that if his sentence in the present case is reduced, he will have to serve less of the aggregate sentence, which would be reduced accordingly. *United States v. Nance*, No. 08-449, 2019 WL 2436210 (D. Neb. June 10, 2019), supports that argument. That court relied primarily on 18 U.S.C. § 3584(c), as does Moreno, which states that "[m]ultiple terms of imprisonment ordered to run consecutively or concurrently shall be treated *for administrative purposes* as a single, aggregate term of imprisonment." (Emphasis added.). Although that statute prescribes the way the BOP must look at multiple sentences for its own purposes, it does not speak to when a court can determine that the sentence imposed in one case ends and another begins.

At least one other district court has taken a skeptical view of the propriety of reducing a completed custody term. *See United States v. Shipp*, No. 96-64, 2020 WL 3440947 (M.D. Ga. June 22, 2020). In *Shipp*, the defendant sought a sentence reduction of his completed custody sentence and sought to apply his "banked time" to a supervised release violation sentence. In denying the motion, the court "observe[d] that allowing prisoners to 'bank' time could undermine the purpose of supervised release by impairing the Court's ability to sanction a defendant for violating the terms of supervised release." *Id.* at *3.

The reasoning of both cases, although diverging in outcome, supports a conclusion that the Court does have authority to reduce a completed custody term, particularly where the result would be advancing the release date on a present, successive term on a separate, consecutive sentence. The Sixth Circuit at least implicitly, but rather plainly, endorsed the same view in *United States v.*

*Nichols*, 897 F.3d 729 (6th Cir. 2018), where it held that "[u]nder the circumstances of this case, a sentence of 'time served' equates to a term of about twelve years' imprisonment," and "[b]ecause the district court had no authority to impose a sentence of more than ten years' imprisonment, the court erred when it imposed Defendant's corrected sentence," *id.* at 733-34. Notwithstanding the same concerns advanced by the government in that case about "banking" time overserved on previous sentences to be applied to future crimes, the Sixth Circuit found that an illegal sentence is an illegal sentence and must be reduced even if more than the legal maximum already had been served.

*Nichols* involved two sentences — one consecutive to the other — imposed by the same judge in the same multi-conviction case. In this case, reducing Moreno's 120-month sentence effectively would cut into the custody term imposed by Judge Roberts. Moreno has cited no authority to support the notion that a judge can reduce a sentence imposed in a separate case by another judge. But Moreno has not asked this Court to tamper with his other sentence, which will remain intact regardless of any action taken by this Court. And although the effect of reducing Moreno's sentence here will allow him to apply some "banked time" to the later imposed sentence, *Nichols*'s reasoning points to that result.

Nevertheless, even though the Court has the authority to reduce Moreno's now-expired sentence under the First Step Act, granting relief still rests within the Court's discretion, as with any sentencing decision. A defendant "eligible for relief under section 404 of the First Step Act [is] 'not entitled to a plenary resentencing.'" *United States v. Foreman*, 958 F.3d 506, 510 (6th Cir. 2020) (quoting *United States v. Alexander*, 951 F.3d 706, 708 (6th Cir. 2019) (per curiam order)). But district courts may consider post-sentencing conduct and "are empowered to provide process and to consider resentencing factors as they see fit." *United States v. Boulding*, 960 F.3d

774, 783 (6th Cir. 2020). That process must include a correct recalculation of the sentencing guideline range if appropriate, consideration of the factors in 28 U.S.C. § 3553(a), and a discussion of the reasons for the sentence imposed. *Id.* at 783-84.

At his original sentencing hearing, Moreno was found to be a career offender under U.S.S.G. § 4B1.1. However, his predicate offenses would not support that status under current law. *See United States v. Havis*, 927 F.3d 382, 386 (6th Cir.), *reconsideration denied*, 929 F.3d 317 (6th Cir. 2019) (en banc) (holding that the "commentary has no independent legal force — it serves only to *interpret* the Guidelines' text, not to replace or modify it"). Based upon the aggregate drug weight accountable to Moreno as stated in the presentence report, and crediting him with acceptance of responsibility, his offense level would be 21. *See* U.S.S.G. §§ 2D1.1(c)(8), 3E1.1(a), (b). His nine criminal history points puts him in criminal history category IV. The resulting guideline range is 60 to 71 months, the floor of which reflects the new statutory minimum sentence.

The sentence previously imposed — 120 months — would represent a substantial upward variance. But that is justified in this case. Moreno's disadvantaged youth is reflected in his criminal history that starts at age ten. He was 20 years old when he was sentenced in this case. He committed at least three prior drug distribution offenses and he was part of an armed drug trafficking gang in this case. And when he was charged in this case, he already was on probation for another drug crime. Those facts by themselves do not warrant a substantial upward variance. However, the Court is obliged to impose a sentence that promotes respect for the law, adequately protects the public, and provides an adequate measure of general and specific deterrence. *See* 18 U.S.C. § 3553(a)(2)(A)-(C). The 120-month sentence apparently did not achieve those goals. When Moreno was released to a halfway house to complete the custody part of his sentence, he

returned to precisely the same criminal behavior that caused him to be locked up in the first place. And that conduct earned him an even more substantial sentence from Judge Roberts.

Moreno has offered evidence of his educational achievements while in prison. He has been discipline-free for the past ten years. That behavior is commendable, but it does not outweigh the grave concern that once at liberty, this defendant will return to crime. Because the punishment already imposed failed to achieve its intended purpose, and a reduced sentence certainly would not *improve* the deterrent potential, no further reduction of the completed sentence is warranted.

III.

Although the defendant may qualify for relief under the First Step Act, discretionary relief is not favored here, most prominently because the previously imposed term demonstrably was insufficient to achieve specific deterrence of this defendant: he committed further serious drug crimes while still under supervision from the sentence for the previous convictions. *See* 18 U.S.C. § 3553(a)(2)(B).

Accordingly, it is **ORDERED** that the motion to reduce sentence (ECF No. 306) is **DENIED**.

s/David M. Lawson<br>
DAVID M. LAWSON<br>
United States District Judge

Dated: November 12, 2020